UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO: 14-238

JAMES JOHNSON                                 SECTION: "C"

### ORDER and REASONS

Before the Court is defendant James Johnson's Motion to Dismiss Count One. (Rec. Doc. 116). The government has filed an opposition. (Rec. Doc. 118). Mr. Johnson was granted leave to file a reply to the opposition, which he did. (Rec. Doc. 129). Additionally, Mr. Johnson's co-defendant Josephine Spellman has moved to adopt the pleading, which the Court has previously granted. (Rec. Docs. 122 and 125). For the reasons that follow, the motion is DENIED.

**I. Background**

James Johnson is one of four defendants in this matter charged in a ten count indictment. (Rec. Doc. 8). Specifically, James is charged in six counts for: Count 1 - conspiracy to commit honest services fraud, mail fraud and wire fraud; Count 2 - conspiracy to use interstate transportation in aid of a racketeering enterprise; Count 3 - conspiracy to commit unauthorized access to a protected computer; Count 4 - conspiracy to obstruct justice; Count 8 - false statements; and Count 10 - false statements before a Grand Jury. *Id.*

The indictment alleges a complex conspiracy where co-defendant Rufus Johnson, James' father, along with other co-conspirators, operated a bail bond business in New Orleans which "used various means, permeated by fraud, in order to obtain inmate releases for customers, including executing commercial surety bail bond contracts; illegally requesting for-profit recognizance releases from public officials; and bribing public employees to release inmates and disclose confidential law enforcement information." (Rec. Doc. 8 at 9.) A Louisiana bail producer license and an appointment from an insurance company to sign powers of attorney are required to solicit and negotiate bail bonds in this state. The indictment alleges that Rufus Johnson did not have either of these requirements and allegedly hired employees who did possess the necessary qualifications, or required employees to acquire the license, in order to operate his bail bond business under their licenses and sign their names to documents. *Id.* at 22. The indictment also alleges that James, an attorney, a Louisiana licensed bail bondsman and an appointed bail agent for Insurance Company A, had several sub-agents appointed who also were alleged to have allowed Rufus to utilize their licenses for the conspiracy. *Id.* at 12, 14-5. Further, the indictment alleges the defendants and co-conspirators used other bondmen's names and trade names to disguise the conflict inherent in having James as the sole liable bail bondsmen for his criminal defendant clients. *Id.* at 21.

Count One of the indictment alleges a large and complex conspiracy among the defendants, a violation of 18 U.S.C. § 1349. The conspiracy alleged, charges the defendants with" knowingly and willfully combin[ing], conspir[ing], confederat[ing] and agree[ing] with each other and with other persons" to:

> a. use and cause to be used interstate commercial carriers and the United States Postal Service in furtherance of a scheme and artifice to defraud and to obtain money and property, including cash, premium payments, and insurance powers of attorney, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341;

>b. use and cause to be used interstate commercial carriers and the United States Postal Service in furtherance of a scheme and artifice to deprive the Citizens of the City of New Orleans, Louisiana, of their right to the honest services of [unindicted, or separately indicted employees of the Office of the Clerk of Court of Criminal District Court for the Parish of Orleans] in violation of Title 18, United States Code, Sections 1341 and 1346; and
>
>c. use and cause to be used interstate wire communications in furtherance of a scheme and artifice to deprive the Citizens of New Orleans, Louisiana, of their right to the honest services of [unindicted, or separately indicted employee of the Office of the Clerk of Court of Criminal District Court for the Parish of Orleans], in violation of Title 18, United States Code, Sections 1343 and 1346.

Rec. Doc. 8 at 19-20.

It is only subsection (a), which is just one object of a larger alleged conspiracy, that defendant James Johnson has moved to dismiss. (Rec. Doc. 116.) James contends that subsection (a), the mail fraud scheme, "fails to allege that the defendants had the specific intent to obtain cash, premium payments or insurance powers of attorney by fraud." (Rec. Doc 116-1 at 2.) It is because of this omission that James has moved to dismiss Count One of the indictment.

The government has filed an opposition to James' motion. (Rec. Doc. 118.) The government contends that the indictment does clearly allege specific intent to defraud, but regardless, there is no requirement that specific intent to defraud must be alleged in the indictment for a conspiracy to commit mail and wire fraud. *Id.*

**II. Law & Analysis**

    **a. Standard on Motion to Dismiss Count of Indictment**

A defendant may move to dismiss an indictment or a count of the indictment for failure to charge an offense under Federal Rule of Criminal Procedure 12(b)(3)(B). Under Rule 7(c) an indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Under the Sixth Amendment, there are essentially the same requirements, since an indictment must "(1) enumerate each prima facie element of the charged

3

offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996). There is no "ritual of words" that are required for an indictment to be deemed sufficient. *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989). As long as the statute contains the essential elements of the offense, utilizing the statute language in the indictment is a generally accepted practice. *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). Since the purpose of the indictment is to fairly inform the defendant of the charge(s) against him, the government is not required to prove the charges in the indictment. *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994). Rather, the government's duty in the indictment is to clearly enumerate the elements of the offense so as to fairly notify the defendant as to the charges and ensure against the risk of future prosecutions for the same offenses. *Id.*

On a motion to dismiss an indictment, the "allegations of the indictment must be taken as true." *Boyce Motor Lines v. United States,* 342 U.S. 337, 343 n.16, 72 S.Ct. 329, 332 n.16, 96 L.Ed. 367 (1952); *see United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975). The Court must examine the relevant statutes and determine if the facts and charges alleged in the Indictment reflect a proper interpretation of criminal activity under those statutes.

    b. **Conspiracy to Commit Mail Fraud under 18 U.S.C. § 1341**

A conviction under 18 U.S.C. § 1341 requires the government to prove: "(1) a scheme to defraud, (2) which involve[d] the use of the mails, (3) for the purpose of executing the scheme." *United States v. Powers*, 168 F.3d 741, 747 (5th Cir. 1999) *citing United States v. Gray*, 96 F.3d 769, 773 (5th Cir. 1996). The requirements to sufficiently charge mail fraud in an indictment are very similar and must include: "(1) the defendant devised or intended to devise a scheme to defraud, (2) the mails were used for the purpose of executing, or attempting to execute, the scheme, and (3) the falsehoods employed in the scheme were material." *United States v. Ratcliff*, 488 F.3d 639, 644

(5th Cir. 2007) *citing United States v. Caldwell*, 302 F.3d 399, 409 (5th Cir. 2002). Specifically, the Fifth Circuit has stated that although specific intent is "an essential element of mail fraud, it need not be specifically charged in the indictment."*Id.* at 644 n.4 *citing Caldwell*, 302 F.3d at 409 n.8. Thus, like the wire fraud statute, mail fraud requires the specific intent to defraud. Also, like wire fraud, there is no requirement that specific intent to defraud be charged in the indictment for mail fraud. *See United States v. Brown*, 459 F.3d 509, 519 (5th Cir. 2006). Further, the use of such language as "knowingly" or "willingly" is enough to satisfy a requirement that specific intent be alleged in an indictment. *See United States v. Kent*, 608 F.2d 542, 545 (5th Cir. 1979) (holding that a challenged indictment did in fact allege intent by charging each mailing was done knowingly or wilfully).

Further, James is only challenging one object of a larger conspiracy. Count One charges the defendants with a violation of 18 U.S.C. § 1349. (Rec. Doc. 8 at 2-33). When an indictment charges defendants with conspiracy to commit an offense, the indictment need not detail all the elements essential for the offense comprising the object of the conspiracy. *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013).

The indictment alleges that the mail fraud scheme was just one part of a much larger conspiracy involving the defendants' bail bonds business and related activities. The indictment clearly charges the defendants with "knowingly and willfully combin[ing]" in order to carry out the substantive objects of the conspiracy, namely mail fraud, wire fraud and honest services fraud. Rec. Doc. 8 at 19. Although there is no requirement that specific intent be charged in the indictment, in this matter, there is clearly language included in the indictment to indicate the defendants are charged with the specific intent to commit the alleged mail fraud scheme, as part of their alleged intent to carry out the larger conspiracy. There is no requirement that the government prove its case

5

at this stage in the proceedings, thus the allegation that the defendants acted knowingly and willfully is enough at this point to allege their specific intent to conspire to commit mail fraud.

Accordingly,

IT IS ORDERED that Defendant James Johnson's Motion to Dismiss Count One of the Indictment (Rec. Doc. 116) is DENIED.

New Orleans, Louisiana, this 10th day of December, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE